IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DEMPSEY LEON SUTTON | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv226 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dempsey Leon Sutton, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

The magistrate judge concluded petitioner is not eligible for release on mandatory supervision and that, as a result, he was not entitled to due process of law before receiving the punishment imposed as a result of the disciplinary conviction. Petitioner does not contest the conclusion that he is not eligible for release on mandatory supervision. Instead, he asserts that the disciplinary conviction improperly resulted in him being transferred to the administrative segregation section of his prison unit and complains that no picture of the weapon he was accused of using was introduced into evidence at his disciplinary hearing. He also states he should have been permitted to attend his disciplinary hearing.

Placement in administrative segregation, standing alone, does not constitute the deprivation of a constitutionally protected liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). An inmate does not have a protected liberty interest in his custody classification. *Harpers v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). As a result, the fact that petitioner may have been transferred to the administrative segregation section of his prison unit as a result of his disciplinary conviction did not entitle him to due process of law in connection with the disciplinary proceeding. And, as petitioner was not entitled to due process of law, he did not have a right to attend his hearing.

Petitioner's complaint about a photograph of the weapon not being introduced into evidence could be construed as an assertion that there was insufficient evidence to support the conviction. However, as the punishment petitioner received did not implicate a protected liberty interest, a contention that there was insufficient evidence to support the conviction need not be considered. *Lineberry v. Federal Bureau of Prisons*, 443 F. App'x 6, 7 (5th Cir. 2011) (citing *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460-65 (1989)).

Moreover, there was sufficient evidence to support the conviction. A disciplinary conviction will be upheld on federal habeas review as long as there is "some evidence" to support the conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 446 (1983). The information contained in a written incident report, standing alone, can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)). The offense report stated that petitioner "assaulted [another prisoner] with a weapon, namely a razor, by cutting him on [the] face." This statement constituted sufficient evidence to support the conviction.

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 20th day of April, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE